UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| C.C., an infant by her Mother and Natural Guardian, CATHERINE CANGIALOSI and CATHERINE CANGIALOSI, individually,<br><br>Plaintiffs,<br><br>-against-<br><br>IMPERIAL TOY, LLC and TARGET CORP.,<br><br>Defendant. | Hon. Vincent L. Briccetti<br><br>7:18-cv-11738-VB<br><br> |

## STIPULATED DISCOVERY PROTECTIVE ORDER

Based on the agreement of the parties for an Order protecting Confidential Discovery Material, it is hereby STIPULATED as follows:

1. As used in this Stipulation for Protective Order ("Stipulation"), the term "Confidential Discovery Material" means documents and other information produced in the course of discovery of this action that are designated "Confidential" pursuant to the terms of this Stipulation. This Stipulation is applicable to all forms of discovery, including but not limited to deposition testimony, answers to interrogatories, documents produced in response to requests for production, responses to requests for admission, medical records, and any documents recorded on computer disks. As used herein, a "party" or the "parties" means a person or persons subject to this Stipulation.

2. Any person subject to this Stipulation who receives any Confidential Discovery Material in the course of discovery in this action shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Stipulation.

1

22692326.v2

3. Documents or other discovery material may be designated as "Confidential" only to the extent that it consists of or includes trade secret or confidential research, development, competitive, proprietary or commercial information, the disclosure of which can result in competitive harm to the designating party, and any documents or other discovery material which include financial information, information relating to ownership or control of any non-public company and any information protected from disclosure by any privacy or other law or governmental regulation, including protected health information as well as any other type of information given confidential status by the Court.

4. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

22692326.v2

5.   Redactions: The producing Party may redact from any Document, Testimony, or Information any information that is nonresponsive, including but not limited to the following:

   a. Names, addresses, Social Security numbers, passwords, tax identification numbers, and other private personal information of employees or other persons;

   b. Business and proprietary financial material;

   c. Products unrelated to this litigation; and

   d. Any other nonresponsive information.

6.   Any failure to designate a document as "Confidential" shall not waive trade secret or otherwise confidential protection for any document otherwise designated "Confidential" pursuant to this Stipulation, and shall not waive or preclude any future "Confidential" designation. Any self-evident medical record is subject to the protections under HIPAA regardless of whether or not it is specifically designated "Confidential".

7.   The producing party may designate a document containing confidential information as described herein as Confidential Discovery Material by stamping or otherwise clearly marking the document "Confidential" in such a manner that will not interfere with legibility or audibility. Confidential Materials shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

8.   With respect to deposition transcripts and exhibits, a party may indicate on the record that a question calls for Confidential Discovery Material, in which case the transcript of the question or answer shall be bound in a separate volume and marked "Confidential" by the court reporter. Alternatively, the party may designate information

disclosed at deposition as Confidential Discovery Material by notifying the other party(ies) in writing within thirty (30) days of receipt of the transcript of the specific pages and lines which are to be designated Confidential Discovery Material. During such thirty (30) day period, the entire transcript shall be treated as confidential. For convenience, the parties may agree that entire deposition transcripts shall be treated as Confidential Discovery Material.

9. If at any time prior to the trial of this action a party realizes that previously undesignated documents or other material should be designated as Confidential Discovery Material, the party may so designate by advising all other parties in writing. The designated documents or material will thereafter be treated as Confidential Discovery Material pursuant to this Stipulation. Upon receipt of such designation in writing, each party shall take reasonable and appropriate action to notify any and all persons to whom the party has provided the discovery material of the protected status of the newly designated Confidential Discovery Material, and to retrieve the newly designated Confidential Discovery Material from any person to whom the party has provided it who is not permitted by this Stipulation to have Confidential Discovery Material.

10. Inadvertent production or other disclosure of documents subject to work-product immunity, the attorney-client privilege or other legal privilege that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other protection, provided that the producing party notifies the receiving party in writing when it becomes aware of such inadvertent production. Upon notification, the receiving party shall immediately, at the producing party's option, return or destroy the inadvertently-produced materials and all copies, and shall delete the material and all copies from any

4

litigation-support or other database. The recipient shall destroy notes and work product reflecting the contents of such materials. No further uses or disclosures shall be made of the inadvertently-produced materials, and the recipient shall take all reasonable and appropriate steps to retrieve the materials, and all copies, from any person to whom the recipient has provided them. Any person who receives such inadvertently-produced materials need not wait for notice from the producing party before complying with the above, and is expected to comply with the requirements of this paragraph as soon as it is known or should be known that the document and/or information produced is privileged and/or protected. The parties shall have the benefit of all limitations on waiver afforded by the Federal Rules of Civil Procedure. Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the parties' agreement regarding the effect of inadvertent disclosure of privileged information shall be binding on non-parties.

11. No person subject to this Stipulation other than the designating party shall disclose any Confidential Discovery Material to any other person, except as follows:

   a. Counsel for the parties to this action, regardless of whether or not such counsel has an appearance in this action, as well as any paralegal, clerical, and other staff employed by counsel for work on this action;

   b. With respect to a specific document, the document's author, addressees, and any other person shown on the face of the document as having received a copy;

   c. Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a non-disclosure agreement in the form [of Exhibit A *(VB)*] attached to this Stipulation; however, if the

5

22692326.v2

       witness is currently an employee, officer, director, contractor, subcontractor or consultant of an entity that is presently engaged in the research, development, manufacture or sale of any product that competes with or is similar to any products researched, developed, manufactured or sold by the producing party, or if the witness is currently an employee, officer, director, contractor, sub-contractor, independent contractor, consultant or otherwise a member of the media, the party seeking the testimony must also first receive written consent of counsel for the party disclosing the Confidential Discovery Material (in such a manner that appropriately protects the identity of fact witnesses, consultants, and experts), or obtain an order from the Court permitting the disclosure to said witness;

    d. Any person retained by a party to serve as an expert consultant or witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a non-disclosure agreement in the form attached hereto as Exhibit A;

    e. Insurers and indemnitors to the extent reasonably necessary to defend and evaluate the claims;

    f. The parties to the lawsuit;

    g. Court reporters; and

    h. The Court, mediators, and support personnel.

    12. Prior to any disclosure of Confidential Discovery Material to any person referred to in subparagraphs (c) or (d) of paragraph 14 above, the person shall be provided by counsel with a copy of this Stipulation or the Protective Order and shall sign a non-disclosure agreement in the form attached as Exhibit A hereto. The non-disclosure

agreement will state that the person has read this Stipulation or the Protective Order and agrees to be bound by its terms. All non-disclosure agreements will be maintained throughout this action by the attorneys obtaining them. At the conclusion of this action, upon a showing of good cause and necessity, any party may seek an order requiring production of non-disclosure agreements, but nothing in this Stipulation is intended to modify or shift any burden of proof or privilege relating to the motion or authorize discovery of experts or their identities.

13. Filing Confidential Discovery Material with the Court: Confidential Discovery Material, and all portions of filed documents containing or referencing Confidential Discovery Material, shall be filed under seal, in compliance with the filing procedures under Section 6 of the Southern District of New York's Electronic Case Filing Rules, the Sealed Records Filing Instructions contained on the Court's website, the Federal Rules of Civil Procedure and the Protective Order. Disputes regarding confidentiality designation will be resolved before Confidential Discovery Material or any document containing or referencing such material is filed with the Court. Any item and document containing or referencing Confidential Discovery Material where a designation dispute has not been resolved will be filed under seal (at least provisionally). Prior to disclosure of Confidential Discovery Material at trial or a hearing, the parties may seek further protections against public disclosure from the Court.

14. Challenging Confidentiality Designations: Any party objecting to any designation of confidentiality or trade secret, or requesting further limits on disclosure (such as "attorney eyes only" in extraordinary circumstances), may at any time prior to the close of discovery in this action serve upon counsel for interested parties a written notice

stating with particularity the reasons for the objection or request. If agreement cannot promptly be reached, the dispute will be submitted to the Court, and the party seeking to challenge the designation shall bear the burden of bringing the issue to the Court. Until a dispute is resolved, the material designated as "Confidential" or "Trade Secret" shall remain as Confidential Discovery Material pursuant to this Stipulation.

15. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of the material. The inadvertent production by any of party or non-party to the Proceedings of any Document, Testimony, or Information during discovery in this proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" or and such party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the party that inadvertently produced the document shall give written notice of such inadvertent production within three (3) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing party and shall retain only the copies of the subject materials designated "Confidential". This provision is not intended to apply to any

inadvertent production of any Document, Testimony, or Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

16.   This Stipulation shall survive the termination of this action. Within 30 days of the final disposition of this action, all Confidential Discovery Material, and all copies, shall promptly be returned to the producing party or, with the permission of the producing party, be destroyed. If the receiving party chooses to destroy the documents containing Confidential Information, the receiving party must certify the fact of destruction within 60 days after this litigation concludes by settlement, final judgment, or final order, including all appeals. Attorney-client privileged and work product materials need not be disclosed to other parties after termination of this action.

17.   The Court shall retain jurisdiction over all persons and parties subject to this Stipulation to the extent necessary to modify this Stipulation, enforce its obligations, or to impose sanctions for any violation

18.   Nothing in this Stipulation shall prevent any party from seeking further or additional protection for, or removing protection from, Confidential Discovery Material.

19.   This Stipulation shall not apply to, or restrict, Confidential Discovery Material used at the time of trial as evidence. Protection of Confidential Discovery Material at trial may be addressed by the Court as a separate matter upon the motion of any party. The provisions of this Stipulation shall not prejudice the rights of the parties with respect to the use or protection of Confidential Discovery Material at trial.

20. Nothing in this Stipulation shall preclude a party from using or disclosing its own Confidential Discovery Material in any manner it sees fit, without the prior consent of any other party and without waiving its "Confidential" or "Trade Secret" status under this Protective Order.

21. Any party served with a subpoena or other notice compelling production of Confidential Discovery Material shall immediately give written notice to counsel for the producing party. Upon receipt of such notice, the producing party bears the burden of opposing the subpoena or other notice as it deems appropriate. The party receiving the subpoena or other notice shall cooperate with the producing party in any proceeding relating thereto.

22. A party who learns of an unauthorized disclosure of Confidential Discovery Material by it or by any person to whom the party has disclosed Confidential Discovery Material pursuant to this Stipulation shall immediately (a) issue written notice of the unauthorized disclosure to the designating party; (b) use best efforts to retrieve all copies of the Confidential Discovery Material subject to unauthorized disclosure; (c) inform all persons to whom unauthorized disclosure was made of the terms of this Stipulation; and (d) use best efforts to secure a non-disclosure agreement in the form attached as Exhibit A hereto from all persons to whom the unauthorized disclosure was made.

23. Counsel and all signatories to the Acknowledgment attached hereto agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any party with respect to the discovery of

matters, including but not limited to any party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: November 7, 2019    By: _____
Frances Dapice Marinelli, Esq.
Joseph A. Maria, PC
Attorneys for the Plaintiff(s)
301 Old Tarrytown Road
White Plains, NY 10603
(914) 684-0333
jmariapc@optonline.net

Dated: November 7, 2019    By: _____
Adam R. Dolan, Esq.
Goldberg Segalla, LLP
*Attorneys for Defendants Imperial Toy, LLC and Target Corp.*
11 Martine Avenue, Suite 750
White Plains, New York 10606
(914) 798-5400
adolan@goldbergsegalla.com

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 1/30/2020    _____
Hon. Vincent L. Briccetti
U.S.D.J.

EXHIBIT A

ACKNOWLEDGEMENT OF PROTECTIVE ORDER

I, _James Deyice Marinelli_, acknowledge that I have read and understand the Stipulation for Protective Order ("Protective Order") dated _11/7_, 2019, in the action C.C., an infant by her Mother and Natural Guardian, CATHERINE CANGIALOSI and CATHERINE CANGIALOSI, individually v. *Imperial Toy, LLC and Target Corp.* pending in the United States District Court, Southern District of New York under Index No. 7:18-cv-11738-VB in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential or Trade Secret ("Confidential Discovery Material"), or contain individually identifiable health information. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this action and that at the conclusion of the action I will return all such Confidential Discovery Material to the party or attorney from whom I received it.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the State of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated this _7th_ day of _November_, 2019.

_[signature]_

22692326.v2